IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) Cr. No. 7:07-1475-HMH |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Reginald Earl Rice, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Reginald Earl Rice's ("Rice") pro se motion to vacate his sentence pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure. After a thorough review of the facts and pertinent law, Rice's motion is construed as a motion under 28 U.S.C. § 2255 and dismissed as a second or successive motion.

On May 21, 2008, Rice was found guilty after a jury trial to one count of bank robbery. Rice was sentenced to life imprisonment on September 22, 2008. Rice appealed his conviction and sentence, arguing that the district court erred in denying his motion to suppress based on a constitutionally deficient warrant. The Fourth Circuit affirmed the decision of the court on May 12, 2009. United States v. Rice, No. 08-4975, 2009 WL 1303288, at *1 (4th Cir. May 12, 2009) (unpublished). On June 24, 2014, Rice filed a § 2255 motion alleging that his "conviction [was] obtained by use of evidence gained pursuant to an unconstitutional search and seizure" because of defects in the search warrant. (Rice § 2255 Mot. 4, ECF No. 146.) On July 7, 2014, the court summarily dismissed Rice's motion, as time barred and without merit. United States v. Rice, Cr. No. 7:07-1475-HMH, 2014 WL 12742605, at *1 (D.S.C. July 7, 2014) (unpublished). On September 15, 2014, Rice filed a second § 2255 motion alleging that he was improperly

sentenced to "a non-qualifying felony" under the United States Sentencing Guidelines and violations of the Eighth and Fourteenth Amendments, which the court dismissed as successive on September 22, 2014. (Second § 2255 Mot. Attach. 1 (Mem. Supp., generally), ECF No. 154-1); (Sept. 22, 2014 Order, ECF No. 155.) Further, the United States Court of Appeals for the Fourth Circuit denied Rice's motion requesting authorization to file a second or successive § 2255 motion on May 15, 2017. (May 15, 2017 Order, ECF No. 164.)

In the instant motion, filed on April 2, 2020,[1] Rice alleges that the Government committed fraud upon the court by "knowingly present[ing] a recommendation for sentencing under a statute that was inapplicable to him[,]" which caused judicial error. (Rice Mot. 3-4, ECF No. 170.) In essence, Rice alleges that he was improperly sentenced under 18 U.S.C. § 3559(c)(1). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [§ 2255 motion], while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), abrogated in part on other grounds by, United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Rice is attacking his conviction and sentence in the instant motion. Therefore, the court construes it as a § 2255 motion. See Scott v. United States, 761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) ("It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255.") (citing Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970)).

"[A] prisoner seeking to file a successive [§ 2255 motion] in the district court must first

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

obtain authorization from the appropriate court of appeals." Winestock, 340 F.3d at 205 (citation omitted).  Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims." Id. (citation omitted).  Because Rice has previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive.  As Rice has failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Rice's motion is dismissed.[2]  See id.

Therefore, it is

**ORDERED** that Rice's § 2255 motion, docket number 170, is dismissed.  It is further

**ORDERED** that a certificate of appealability is denied because Rice has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 6, 2020

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

3